UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE SALVATION ARMY, an Illinois non-profit corporation,

    Plaintiff,

v.

THE NATIONAL LABOR RELATIONS BOARD a federal administrative agency, CRYSTAL CAREY, in her official capacity as the General Counsel for the National Labor Relations Board, and ELIZABETH KERWIN, in her official capacity as the Regional Director of NLRB Region 7

    Defendant.

Case No. 26-cv-10105-MFL-CI

Hon. Matthew F. Leitman

Magistrate Judge Curtis Ivy, Jr.

---

**BODMAN PLC**
*Attorneys for Plaintiff*
John T. Below (P48677)
Gary S. Fealk (P53819)
Amanda McSween Empey (P84594)
Bodman PLC
201 W. Big Beaver Road, Suite 500
Troy, MI  48084
(248) 743-6000
jbelow@bodmanlaw.com
gfealk@bodmanlaw.com
aempey@bodmanlaw.com

**NATIONAL LABOR RELATIONS BOARD**
*Attorneys for Defendant National Labor Relations Board*
Kwame Samuda (DC-992185); (NJ-016982011)
Dawn L. Goldstein (MA 600181)
1015 Half Street, SE, Fourth Floor
Washington, DC 2003
(202) 273-2872
Kwame.samuda@nlrb.gov
Dawn.goldstein@nlrb.gov

---

## NOTICE OF VOLUNTARY DISMISSAL

1

## BACKGROUND

Plaintiff, The Salvation Army filed this action against Defendants, The National Labor Relations Board ("NLRB"), Crystal Carey, in her official capacity as General Counsel for the NLRB, and Elizabeth Kerwin, in her official capacity as Regional Director of NLRB Region 7 to seek injunctive and declaratory relief from the NLRB's interference in The Salvation Army's execution of its religious mission in violation of the First Amendment to the U.S. Constitution.  ECF No. 1.

This action arose from the NLRB Region 7 Complaint and Notice of Hearing alleging that The Salvation Army maintained overbroad work rules in violation of Section 8(a)(1) of the National Labor Relations Act (NLRB Case No. 07-CA-3535233). ECF No. 1-8. The Salvation Army maintains the NLRB lacks jurisdiction and that the Regional Director improperly filed a Complaint and scheduled a hearing in Case No. 07-CA-3535233 because The Salvation Army is a church and 501(c)(3) non-profit. ECF No. 6. On December 29, 2025, The Salvation Army filed a motion to dismiss with the NLRB seeking dismissal of Case No. 07-CA-3535233 maintaining that the NLRB lacks jurisdiction.  ECF No. 1-12. The Region opposed the Motion to Dismiss, and the Regional Director continued to prosecute this matter in violation of the First Amendment to the Constitution of the United States. The hearing remained docketed for January 27, 2026.

To avoid the irreparable harm of the unconstitutional hearing, The Salvation Army filed the present action asking this Court for injunctive relief requiring Defendants to administratively stay Case No. 07-CA-353233 and declaratory relief declaring that the NLRB does not have jurisdiction over The Salvation Army pursuant to the First Amendment. The Honorable Judge Leitman scheduled a hearing on The Salvation Army's motion for temporary restraining order for January 23, 2026.

Prior to the TRO hearing, on January 21, 2026, NLRB Region 7 issued an Order Withdrawing Complaint and Notice of Hearing and Dismissing Charge in Case No. 07-CA-353233. **Exhibit A**. In the Order, Regional Director Elizabeth Kerwin stated that "[u]pon further consideration, I have decided to withdraw the Complaint and to dismiss the charge because further proceedings would not effectuate the purposes of the Act." **Ex. A**.

Because Case No. 07-CA-353233 has been dismissed, The Salvation Army's claims in the present action are now moot.

## VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)(A)(i)

Because the claims in this matter are moot as set forth above, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), The Salvation Army hereby voluntarily dismisses this action without prejudice and without costs to any party as Defendants have not yet filed an answer.

        Respectfully submitted,

        BODMAN PLC

        */s/ John T. Below*
        John T. Below (P48677)
        Gary S. Fealk (P53819)
        Amanda McSween Empey (P84594)
        Bodman PLC
        201 W. Big Beaver Road, Suite 500
        Troy, MI  48084
        (248) 743-6000
        jbelow@bodmanlaw.com
        gfealk@bodmanlaw.com
        aempey@bodmanlaw.com

        *Attorneys for Plaintiff*

Dated: January 21, 2026

# EXHIBIT A

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION SEVEN

**THE SALVATION ARMY**

                      Respondent

  and                                           07-CA-353233

**JAMIE YOUNG-ANDERSON, an Individual**

                      Charging Party

## ORDER WITHDRAWING COMPLAINT AND NOTICE OF HEARING AND DISMISSING CHARGE

      A Complaint and Notice of Hearing (Complaint) issued on May 1, 2025, alleging that Respondent violated 8(a)(1) of the Act for maintaining work rules that interfered with and restrained employees' rights guaranteed under Section 7. Upon further consideration, I have decided to withdraw the Complaint and to dismiss the charge because further proceedings would not effectuate the purposes of the Act.

      **IT IS HEREBY ORDERED** pursuant to Section 102.18 of the Board's Rules and Regulations that the Complaint and Notice of Hearing in Case 07-CA-353233 be, and hereby is, WITHDRAWN.

**IT IS FURTHER ORDERED** that the unfair labor practice charge in Case 07-CA-353233 be, and hereby is, DISMISSED.[1]

---

[1] Pursuant to the National Labor Relations Board's Rules and Regulations, Series 8, as amended, the Charging Party may obtain a review of this action by filing an appeal with the General Counsel addressed to the Office of Appeals, National Labor Relations Board, 1015 Half Street SE, Washington, C.C. 20570, and a copy with me. This appeal must contain a complete statement setting forth the facts and reasons upon which it is based.

    **Appeal Due Date:** The appeal is due on **February 4, 2026.** If the appeal is filed electronically, the transmission of the entire document through the Agency's website must be completed **no later than 11:59 p.m. Eastern Time** on the due date. If filing by mail or by delivery service an appeal will be found to be timely filed if it is postmarked or given to a delivery service no later than **February 3, 2026. If an appeal is postmarked or given to a delivery service on the due date, it will be rejected as untimely**. If hand delivered, an appeal must be received by the General Counsel in Washington D.C. by 5:00 p.m. Eastern Time on the appeal due date. If an appeal is not submitted in accordance with this paragraph, it will be rejected.

    **Extension of Time to File Appeal:** The General Counsel may allow additional time to file the appeal if the Charging Party provides a good reason for doing so and the request for an extension of time is **received on or before February 4, 2026.** The request may be filed electronically through the *E-File Documents* link on our website www.nlrb.gov, by fax to (202)273-4283, by mail, or by delivery service. The General Counsel will not consider any request for an extension of time to file an appeal received after **February 4, 2026, even if it is postmarked or given**

Dated: January 21, 2026

*Elizabeth Kerwin*
_____
Elizabeth Kerwin, Regional Director
National Labor Relations Board, Region Seven
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 5-200
Detroit, MI 48226

---

**to the delivery service before the due date.** Unless filed electronically, a copy of the extension of time should also be sent to me.